# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

LEONARDO RIVERA,

    Plaintiff,

v.

MARYLAND MOTOR VEHICLES (MVA),
JAMES BRYANT, III,

    Defendants.

Civil Action No.: CCB-19-3221

## MEMORANDUM

Self-represented plaintiff Leonardo Rivera filed the above-captioned complaint on November 6, 2019, together with a motion to proceed in forma pauperis, which the court grants. For the reasons that follow, the complaint must be dismissed without requiring a response from defendants.

Rivera is suing James Bryant III and the Maryland Motor Vehicles Administration ("MVA") in connection with Rivera's purchase of a truck from Bryant for the sum of $800 and his inability to obtain a certificate of title for it from the MVA.[1] ECF 1 at 7–9. According to Rivera, Bryant represented that the title to the truck was clear, but when Rivera attempted to obtain a certificate of title from the MVA, he learned that the title was encumbered and a certificate could not be issued. *Id.* Rivera contacted Bryant on several occasions to attempt to have him correct the issue with the title, but Rivera claims Bryant simply kept repeating that the sale was "final" and

---

[1] Rivera brings three claims for relief. The first is against Bryant for breach of contract. ECF 1 at 9. The second is against Bryant for violations of Title 13 of the Maryland Transportation Code, relating to certificates of title and registration of vehicles. *Id.* at 12. The third is against the MVA and appears to allege that Rivera is entitled to a writ of mandamus pursuant to provisions of the Maryland Constitution and the 14th Amendment of the U.S. Constitution. *Id.* at 14–15.

he was not interested in doing anything further with the sale or the transfer of the truck to Rivera. *Id.* Meanwhile, Rivera spent additional money to have the truck towed and to have repairs made to the truck. *Id.* As relief Rivera[2] seeks $2500 in damages for breach of contract and $2500 for pain and suffering from Bryant; and he seeks a writ of mandamus requiring the MVA to issue a corrected title for the truck. *Id.* at 19–20.

Rivera filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court need not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Mandamus relief is not available from this court when sought against a State agency, as Rivera seeks here. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of

---

[2]  Rivera also seeks to recover $5000 in attorney's fees. ECF 1 at 19–20.

any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, federal district courts have no mandamus jurisdiction over State employees or agencies, such as the MVA. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). To the extent that the MVA is improperly refusing to issue a title, Rivera may seek mandamus in the appropriate Maryland state court.

As to Rivera's claims against Bryant, they arise under state law, and may only be brought in this court if the complaint satisfies the requirements of this court's diversity jurisdiction. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see also Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). While Rivera and Bryant are citizens of different States, the amount in

3

controversy is not satisfied. "The test for determining jurisdiction based upon the amount involved is primarily one of good faith." *Gauldin v. Va. Winn–Dixie, Inc.*, 370 F.2d 167, 170 n.1 (4th Cir. 1966). "[I]f it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount," the case should be dismissed for want of jurisdiction: *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The plaintiff's good faith cannot be assumed by this court where, as here, it appears to a legal certainty that the claim is really for less than the jurisdictional amount of $75,000. *See St. Paul*, 303 U.S. at 289 ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). At issue here is the purchase of a truck for less than one-thousand dollars. Rivera's claim for monetary damages totals $5000, exclusive of his request for attorney's fees, which may not be included in determining the amount in controversy.

Therefore, the court does not have jurisdiction and the complaint will be dismissed. A separate order follows.

12/30/19
Date

Catherine C. Blake
United States District Judge